

# The Attorney General of Texas

June 29, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Chet Brooks
Chairman
Senate Committee on Human
  Resources
State Capitol
Austin, Texas 78711

Opinion No. H-1198

Re: Whether the Tarrant County Hospital District violated the Open Meetings Act by reaching a settlement agreement regarding the termination of an employee and by issuing a check to that employee when the formal action in open session was taken four days later.

Dear Senator Brooks:

You have asked our opinion on a question which raises the issue of the extent of action which may be taken in closed sessions of governmental bodies.

The fact situation which forms the basis of your request involves a meeting of the Board of Managers of the Tarrant County Hospital District. You indicate that the board met in a closed session the night of February 28 and early morning of March 1 and reached a mutual agreement with the attorneys for the district administrator to terminate the administrator's employment March 6. A check for $13,266.75 in settlement of salary and vacation was given to the administrator. The check was dated February 28 and was cashed March 1. A "compromise settlement agreement of full release" was signed during the meeting on March 1 by the members of the board, by the hospital administrator, and by the attorneys for the district and for the administrator. The agreement was released to the public following a meeting of a committee of the board on March 4, 1978. While there is a disagreement regarding the legal effect of these actions, there appears to be agreement as to the controlling facts and for purposes of this opinion we have accepted them as true.

Your question is whether, given this fact situation, there has been compliance with the requirements of section 2(1) of the Texas Open Meetings Act, article 6252-17, V.T.C.S., which provides:

(1)   Whenever any deliberations or any portion of a meeting are closed to the public as permitted by this Act, no final action, decision, or vote with regard to any matter considered in the closed meeting shall be made except in a meeting which is open to the public and in compliance with the requirements of Section 3A of this Act.

While we assume that portions of the February 28/March 1 meeting were properly closed under section 2(g) of the Open Meetings Act, we believe that final actions were taken or decisions were made in violation of section 2(1). This conclusion is apparent from the face of the compromise settlement agreement. The attorney for the board contends, however, that the agreement made at the February 28/March 1 meeting was not a final action, vote or decision within the meaning of section 2(1) since any decision was conditional on events which would transpire on March 4. Specifically, the administrator insisted that no final action be taken until March 4 at which time he would have an opportunity to present a summary of his accomplishments and objectives. While the compromise settlement agreement does indicate a March 4 meeting was to occur, the effect of the agreement is not made contingent on that occurrence. In fact, the agreement specifically provides that "this compromise settlement agreement is the full agreement of the parties hereto [with one exception not relevant here]." The check in settlement of the salary and vacation claim was issued and cashed prior to March 4. Additionally, we have been presented no indication that any specific action was taken on March 4 to formally adopt the agreement.

It is our opinion that the Open Meetings Act does not permit a governmental body to enter into an agreement and authorize the expenditure of funds without acting in a session which is open to the public.

### S U M M A R Y

A governmental body may not take action or enter into an agreement in a closed meeting.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn